IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRANDON LEROY GREENE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:17-CV-199 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BRANDON LEROY GREENE. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

In 2013, petitioner was charged by Indictments in Potter County, Texas, with two (2) counts of aggravated assault and one (1) count of murder, each Indictment alleging a prior felony conviction of robbery for purposes of enhancing punishment. *State v. Greene*, No. 67,142-D, 67,976-D, and 67,977-D. The Indictments alleged petitioner, on or about the April 25, 2013, shot two individuals with a firearm causing bodily injury to those individuals, and shot a third individual with a firearm causing that individual's death.

On May 19, 2015, petitioner signed written plea admonishments acknowledging that for each charged aggravated assault offense, he was subject to imprisonment for 5-99 years or life, and for the charged murder offense, he was subject to imprisonment for 15-99 years or life. Petitioner also signed the following statement in each case:

> Comes now the defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I am now mentally competent to stand trial and I was sane at the time of the commission of the offense to which I have plead [sic]. No one has threatened me in any way or placed me under any kind of fear in order to cause me to enter a plea to the charge herein and my plea is freely, knowingly, and voluntarily entered. No one has promised me anything, including probation, a pardon, or early parole in order to cause me to enter a plea to the charge herein.

Petitioner then, pursuant to a plea bargain agreement, entered a plea of guilty to all three (3) offenses alleged in the Indictments. In accordance with the terms of the plea bargain agreement, the state trial court assessed petitioner's punishment in each case at thirty (30) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division, said sentences to run concurrently. Petitioner did not file a direct appeal of his convictions and sentences.

On May 13, 2016, petitioner purportedly placed state applications for habeas corpus relief in the prison mail system collaterally attacking his convictions. On September 28, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order. *Ex parte Greene*, Nos. 85,607-01, -02, -03.

On September 28, 2017, petitioner allegedly placed the instant federal application for habeas corpus in the prison mail system. This Court received Petitioner's application on October 5, 2017, at which time it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel;

2. Petitioner's plea was involuntary due to the ineffective assistance of counsel; and

3. The evidence was insufficient to support petitioner's conviction.

## III.
## RESPONDENT'S ANSWER

On February 1, 2018, respondent filed a Preliminary Answer asserting petitioner's habeas application should be dismissed as time barred. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. As of this date, petitioner has not filed a reply to respondent's Preliminary Answer.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on May 19, 2015. Petitioner did not file a direct appeal of his conviction with the appropriate state appellate court.

2. Petitioner's judgment of conviction became final on **June 18, 2015**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **June 20, 2016**, unless statutorily or equitably tolled.

8. Petitioner=s state habeas application, filed **May 13, 2016** and denied without written order on **September 28, 2016**, statutorily tolled the limitation period for a total of **139 days**. Petitioner's federal habeas corpus petition was thus due on or before **November 7, 2016**.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **September 28, 2017** when it was purportedly placed in the state prison mailing system, was filed almost eleven (11) months after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

V.
RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed February 1, 2018 [ECF No. 8], it is the RECOMMENDATION of the United States Magistrate

Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner BRANDON LEROY GREENE be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 26, 2018.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).